STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Nott        }
}
}   Docket No. 141-6-00 Vtec
}
}

Decision and Order on Appellant's Motion for Summary Judgment

Appellant appealed from one condition of a decision of the Zoning Board of Adjustment of the Town of Hartford granting him Conditional Use Approval for a Home Industry. Appellant is represented by William J. Donahue, Esq.; the Town is represented by Kimberlee J. Sturtevant, Esq. In December 2000 the Court ordered a stay of the disputed condition[1]. The parties agreed that there was no longer a need for an urgent hearing and agreed to submit the matter by summary judgment. The following facts are undisputed unless otherwise noted.

Appellant owns a 90-acre parcel of land in the Rural Lands 5 zoning district on what is now Jericho Street (formerly Dothan Street). It contains one building: a barn which includes Appellant's residence. Appellant operates an excavation business consisting mainly of building roads, digging cellar holes, installing septic systems, and plowing snow. He operates the office functions of the business from his home, and employs seven employees who do not work at the site but who do come to the site for equipment and instructions. He applied for approval of his business as a home industry, and for approval of the construction of two pole barns (28' x 48' each) and a 25' access drive. One of the barns is proposed to contain a 28' x 20' concrete storage bin to store a sand/salt mixture for use in connection with the plowing business.

In connection with the application, Appellant proposed to limit traffic associated with the business to four round-trips per day by himself, and proposed to limit employee traffic to two round-trips per day in the summer and six round-trips per day in the winter (during a winter storm). He proposed to operate the business between 6:30 a.m. and 6 p.m. seven days per week, and in addition to operate in the nighttime hours as needed during a winter storm. He proposed that no more than three of the employees would be at the site at any time.

The ZBA approved the application, but imposed a condition that " no more than three persons may be employed in the business." This condition was intended to track § 3-12.2 of the Zoning Regulations, which provides that " [n]o more than 3 employees who are not full-time residents of the dwelling shall be employed in the business." Appellant appealed this condition only; as no other condition of the permit was appealed, all other findings and conditions remain in effect, including the limitations on daily vehicular round trips to the property, and the limitations on parking of personal vehicles.

Zoning regulates land development and land use at a specific location. It is within the scope of zoning to make distinctions according to the number of employees employed by a business at the

location of the business within the municipality whose zoning is at issue. Thus, a town may categorize home occupations as employing only residents of the residence, or only up to a certain number of non-resident employees working at the residence. Or, as in Hartford, a town may create separate categories for home occupations and the slightly larger "home industries." However, the zoning categories must be rationally related to the purposes of zoning, that is, they must be related to the burdens and benefits of the land use at the regulated location within the town. Thus, if a mail-order business is operated from a home office by the resident of that home, with the assistance of a computer and a couple of telephone lines, but ships its inventory from a warehouse located in another town (or another state or country), the number of warehouse employees should not be considered in connection with the land use at the home office, as there is no rational relationship between the work done at the home office and the work done at the remote location. On the other hand, the number of employees, customers, or delivery vehicles which come to the home office location, and the hours during which they come to the home office location, would be rationally related to the purposes of zoning or other land use regulation of the home office location.

Accordingly, we must interpret § 3-12.2 of the Hartford Zoning Regulations to mean that no more than three employees who are not full-time residents of the dwelling shall be employed at the dwelling. Issues regarding the number of Appellant's employees who come to the dwelling location to pick up equipment, or loads of salt and sand, or dispatch instructions, or their paychecks, may be addressed in the conditional use approval conditions. (See § 3-12.3). This is the mechanism by which the ZBA may ensure that a particular proposed home industry will not have a constant stream of employees or vehicles coming and going at all hours from the residential location, even though no more than three employees are at the location at any given time, as proposed by Appellant in the present case.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellant's Motion for Summary Judgment is GRANTED. Section 3-12.2 is interpreted to mean that no more than three employees who are not full-time residents of the dwelling shall be employed at the dwelling.

The parties should discuss whether this matter should be remanded for the ZBA to determine what alternative to Condition 2 it may wish to impose in light of this decision and order, or whether the parties wish to stipulate to the amendment of Condition 2 of the conditional use approval along the lines of the Court's December 26, 2000 order granting the motion for stay. On or before August 27, 2001 they shall file either the stipulated condition or the stipulation to remand, or may file any alternative position in writing, in which case we will hold a telephone conference on September 14, 2001 to discuss the parties' positions.

Done at Barre, Vermont, this 9th day of August, 2001.


_____

Merideth Wright
Environmental Judge

## Footnotes

1.    Appellant may employ more than three persons off-site in his business, but no more than three employees may be on the property at any time, and no more than a total of ten round trips of vehicles may occur in any day, allocated as four round trips by Appellant and a total of six round trips for the total of Appellant's employees. (See Finding Paragraph 16 of the decision on appeal). The Court recognizes that this requirement may mean that certain employees or vehicles must be dispatched by Appellant without their coming to the property in any given day or storm.